UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIU SHONG TSANG, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 1:23-cv-6614 |
| v. | ) (MMR)(JIC) |
| | ) |
| THE INDIVIDUALS, | ) |
| CORPORATIONS, LIMITED | ) |
| LIABILITY COMPANIES, | ) JURY TRIAL DEMANDED |
| PARTNERSHIPS, AND | ) |
| UNINCORPORATED ASSOCIATIONS | ) |
| IDENTIFIED ON SCHEDULE A TO | ) |
| THE COMPLAINT, | ) |
| | ) |
| Defendants. | ) |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Siu Shong Tsang ("Plaintiff") against, *inter alia*, the defendants identified on the Redacted Schedule A attached hereto, and using the Defendant Domain Names and Online Marketplace Accounts identified on the Redacted Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on the Redacted Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Plaintiff having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication and e-mail, along with any notice that Defaulting Defendants received from domain name registrars and payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

1

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Amended Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's patented designs as claimed in U.S. Patent Nos. D973,790 S (the "'790 patent") and D973,791 S, (collectively, "Plaintiff's Patented Designs") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products that infringe upon Plaintiff's Patented Designs. *See* Docket No. 9-3 through Dkt. 22, which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its infringing goods to customers in Illinois.

This Court further finds that Defaulting Defendants are liable for willful patent infringement (35 U.S.C. § 100 *et seq*.).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from making, using, offer for sale, selling, or importing into the United States any product embodying Plaintiff's Patented Designs or any colorable imitations thereof.

2. The domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, and the domain name registrars, including, but not limited to, GoDaddy Operating Company LLC, Name.com, PDR LTD. d/b/a/ PublicDomainRegistry.com, and Namecheap Inc., within seven (7) calendar days of receipt of this Order, shall, at Plaintiff's choosing:

    a. transfer the Defendant Domain Names to Plaintiff's control, including unlocking and changing the registrar of record for the Defendant Domain Names to a registrar of Plaintiff's selection, and the domain name registrars shall take any steps necessary to transfer the Defendant Domain Names to a registrar of Plaintiff's selection; or

    b. disable the Defendant Domain Names and make them inactive and untransferable.

3. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms such as Amazon.com, eBay, Inc., AliExpress, Alibaba Group Holding Ltd. ("Alibaba"), ContextLogic, Inc. d/b/a Wish.com, and Dhgate (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

  a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods embodying Plaintiffs' Patented Designs or any colorable imitation thereof; and

  b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying Plaintiff's Patented Designs, or any colorable imitation thereof, that is not a genuine version of Plaintiff's product or not authorized by Plaintiff to be sold.

4. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of goods that incorporate Plaintiff's Patented Designs or any colorable imitations thereof.

5. Pursuant to 35 U.S.C. § 289, Plaintiff is awarded compensatory damages from the Defaulting Defendants in the amount of $50,000 for use of Plaintiff's Patent Designs on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the attached Redacted Schedule A.

6. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon Pay, PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, and Ant Financial Services Group ("Ant Financial"), shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the

      Defendant Internet Stores from transferring or disposing of any funds (up to the damages awarded in Paragraph 5 above) or other of Defaulting Defendants' assets.

7. All monies (up to the amount of damages awarded in Paragraph 5 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial or complete payment (as applicable) of the above-identified damages, and Third Party Providers, including Amazon Pay, PayPal, Alipay, Alibaba, Wish.com, and Ant Financial are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

8. Until Plaintiff has recovered full payment of monies owed to it by the Defaulting Defendants, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

9. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: March 6, 2024

                                                                  *Mary M Rowland*
                                                     Judge Mary M. Rowland
                                                     United States District Judge